NEW JERSEY MISCELLANEOUS REPORTS. 355

Supreme Court—Commonwealth Water Co. v. Bd. Pub. Util. Com'rs.

COMMONWEALTH WATER COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANT.

Submitted February term, 1923—Decided June 7, 1923.

**Public Utilities—Rates—Schedule Disapproved and Other Rates Put in Effect Higher than Old Ones—Reasons Alleged for Writ.**

On *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Collins & Corbin, William M. Wherry, Jr.*

For the defendant, *Thomas Brown.*

PER CURIAM.

The *certiorari* in this case brings under review by this court a report and order of the board of public utility commissioners, dated February 1st, 1922, by which the schedules of rates of the prosecutor filed September 23d, 1921, were disapproved and a new schedule was prescribed by the board of reducing the rates asked for, but allowing an increase over the old rates. The rate allowed to the company was estimated on a basis of a return of seven and one-quarter per cent. upon its property. The company asked that it should be estimated on a basis of a return of seven and eight-tenths per cent.

The prosecutor filed twenty-three reasons for a reversal and setting aside the proceedings under review. They are argued under six heads in the prosecutor's brief. All the reasons filed are pure questions of fact, except Nos. 16, 17, 20, 21 and 22. Our examination of the voluminous record

satisfies us that the order of the board is supported by the facts produced before the board, as set out in the printed book furnished to the court. We cannot substitute our judgment for that of the board, where there is evidence which supports the order under review. This also disposes of reasons Nos. 20, 21 and 22, viz., that the order deprives the prosecutor of its property, without due process of law. It takes the private property of the prosecutor for public use without just compensation. Reasons Nos. 16 and 17, because the prosecutor was not allowed to treat the federal taxes as operating deductions. This amount was $1,670. But the board, at page 423 of the report, did allow this item as a deduction from the operating revenue. This is a troublesome question, which we think is unnecessary to discuss or decide in the present case, other than it appears to have been acted upon by the board in the report and order dated February 1st, 1922, at page 423 of the paper book.

The *certiorari* is dismissed, and the report and order of the board brought up by the writ are confirmed, with costs.